## WEAVER v. TAYLOR. (No. 977.)

(Court of Civil Appeals of Texas. Beaumont. June 14, 1923. Rehearing Denied June 20, 1923.)

**Appeal and error ⇐833(3)—Permission to file motion for rehearing after expiration of time for such filing held unwarranted.**

Under Complete Tex. St. or Vernon's Sayles' Ann. Civ. St. 1914, art. 1641, where a motion for rehearing was not received by the clerk until two days after the time had expired for filing it, *held*, that the litigant, on a mere showing that he had mailed it on the day on which the time for filing expired, without any showing as to the hour it was mailed, or when it would have arrived, did not warrant granting of his motion to file, particularly where the postmark showed that it was mailed one day after expiration of the time for filing.

Action between Tom Weaver and W. B. Taylor. On motion for permission to file motion for rehearing. Motion denied.

Miller & Miller, of Athens, for appellant.
Justice & Justice, of Athens, for appellee.

WALKER, J. June 3d was the last day on which appellant had to file his motion for rehearing. It was received by the clerk of this court through the mail on June 5th, and not filed, under our instructions. Appellant has now presented a motion to us, asking permission to file his motion for rehearing. He shows that he mailed the motion on June 3d, but the postmark shows that it was mailed on June 4th. He also asserts that he mailed it in time to have reached our clerk on the 3d day of June, but does not show at what hour it was mailed, nor when it would have arrived on June 3d.

Appellant offers no excuse whatever for not filing his motion within the time allowed by law. Without repeating article 1641, Texas Complete Statutes, which provides that motions for rehearing must be filed within 15 days after the filing of the opinion—the opinion in this case (251 S. W. 1117) was filed on May 19th—we cannot grant appellant's motion on the showing made by him.

Motion to file motion for rehearing overruled.

## MEMORANDUM DECISIONS

BAILEY v. STATE. (No. 7803.) (Court of Criminal Appeals of Texas. June 13, 1923.) Appeal from District Court, Bexar County; W. S. Anderson, Judge. C. E. Bailey was convicted of theft of an automobile of the value of more than $50, and he appeals. Affirmed. R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Bexar county of theft of an automobile of the value of more than $50, and his punishment fixed at 10 years in the penitentiary. The record is before us without statement of facts or bills of exception. The indictment is sufficient, and the charge of the court submitted the law applicable to the offense made out by the pleading. Finding no error in the record, the judgment will be affirmed.

LAMAR v. STATE. (No. 7827.) (Court of Criminal Appeals of Texas. June 20, 1923.) Appeal from District Court, Taylor County; W. R. Ely, Judge. Clyde Lamar was convicted of an aggravated assault, and he appeals. Affirmed. R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. The appellant was charged by indictment with assault with intent to murder and convicted of an aggravated assault; punishment fixed at a fine of $300. The record reveals no fundamental error, nor is it accompanied by bills of exception or statement of facts. The judgment is affirmed.

MITCHELL v. STATE. (No. 7817.) (Court of Criminal Appeals of Texas. June 6, 1923. Rehearing Denied June 27, 1923.) Appeal from District Court, McLennan County; Richard I. Munroe, Judge. Roy Mitchell was convicted of murder, and he appeals. Affirmed. R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of McLennan county of